CANADY, C.J.,
dissenting.
Because I conclude that the decision of the First District in St. Vincent’s Medical Center, Inc. v. Bennett, 27 So.Sd 65 (Fla. 1st DCA 2009), is not in express and direct conflict with the Fifth District’s decision in Orlando Regional Healthcare System, Inc. v. Florida Birth-Related Neurological, 997 So.2d 426 (Fla. 5th DCA 2008), I would discharge this case.
The First District’s holding in Bennett turned on its conclusion that the statutory scheme does “not preclude coverage if neurological damage becomes manifest” at a date later than “labor, delivery, or resuscitation in the immediate postdelivery peri *848 od.” 27 So.3d at 70. Nothing in Orlando Regional or any other case conflicts with this holding.
The asserted conflict between Orlando Regional and Bennett is based on dicta in Bennett concerning the meaning of the phrase “immediate postdelivery period in a hospital.” 27 So.3d at 70. Although the discussion of this point in Bennett might plausibly be viewed as an alternative holding of the case, it is more reasonable to understand the cursory discussion on this point as dicta. The discussion is prefaced by a phrase — “even if’ — signaling comments on a hypothetical circumstance. Id.
In any event, Orlando Regional simply decided that under the circumstances of that case, “no reasonable interpretation for the phrase ‘resuscitation in the immediate postdelivery period’ ” justified excluding the injury suffered by the infant there. 997 So.2d at 431. The Orlando Regional court did not articulate a comprehensive rule for limiting the scope of “the immediate postdelivery period” but instead recognized that “the application of this definition in determining plan compensability must be applied on a case-by-case basis.” Id. at 430.
I therefore dissent.